# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MARKEL INSURANCE COMPANY )<br>4521 Highwoods Parkway )<br>Glen Allen, Virginia 23060 )<br>  )<br>  Plaintiff, )<br>  )<br>  vs. )<br>  )<br>INDUSTRIAL REALTY GROUP, LLC )<br>12214 Lakewood Boulevard )<br>Downey, California 90242 )<br>c/o Stuart Lighter, President and Chairman of )<br>the Board )<br>  )<br>IRG LORAIN, LLC )<br>4020 Kinross Lakes Parkway )<br>Richfield, Ohio 44286 )<br>  )<br>IRG REALTY ADVISORS, LLC )<br>4020 Kinross Lakes Parkway )<br>Richfield, Ohio 44286 )<br>c/o Tract Green, Statutory Agent )<br>  )<br>  Defendants, )<br>  )<br>  vs. )<br>  )<br>FREDERICK HAST III and BRENDA )<br>HAST, husband and wife )<br>10305 Berlin Road<br>Berlin Heights, Ohio 44814<br><br>STATEWIDE CONSTRUCTION<br>COMPANY<br>40251 Schoolcraft Road,<br>Plymouth, Michigan 48170<br>c/o Jeffrey Seskin, Statutory Agent<br><br>STATE OF OHIO BUREAU OF<br>WORKERS' COMPENSATION<br>30 West Spring Street, Level 26<br>Columbus, Ohio 43215<br><br>JOHN DOE AND/OR JOHN DOE INC.<br>1-10<br>Said parties are "catch-all" defendants<br>utilized by Frederick Hast III and Brenda<br>Hast in the Underlying Complaint and, | **CASE NO. 1:17-cv-01952-PAG**<br><br>**JUDGE  PATRICIA A. GAUGHAN**<br><br><br>**AMENDED COMPLAINT FOR<br>DECLARATORY JUDGMENT** |

therefore, do not possess an actual address or
real name available for service and notice

   Necessary Party Defendants.

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

### INTRODUCTION

   A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the Amended Complaint has been previously filed in Cuyahoga County Court of Common Please under Case No. CV-16-869168 and was assigned to Judge Shannon M. Gallagher.  The action remains pending.

   NOW COMES, Plaintiff, Markel Insurance Company ("MIC"), by and through their undersigned counsel, files this Amended Complaint for Declaratory Judgment ("Amended Complaint"), averring as follows:

### BRIEF OVERVIEW

   1.  Plaintiff seeks declaratory action pertaining to the rights and duties of MIC and Defendants, Industrial Realty Group, IRG Lorain, LLC and IRG Realty Advisors, LLC, (collectively "IRG Defendants") under a policy of insurance issued by MIC to Industrial Realty Group in 2014 with respect to the matter currently at issue before this Honorable Court at Docket No. CV-16-869168, captioned <u>Frederick Hast III, et al. vs. Triad Staffing, et al.</u> ("Underlying Action") (See Complaint in Underlying Action, Exhibit A).

### PARTIES

   2.  Markel Service, Incorporated is a corporation organized and existing under the laws of the State of Virginia with a principal place of business at 4521 Highwoods Parkway, Glen Allen, VA 23060.

3. Markel Insurance Company is a wholly owned subsidiary of Markel Service, Incorporated, being organized and existing under the laws of the State of Illinois with a principal place of business at 10 Parkway North, Deerfield, Illinois, 60015.

4. Defendant, Industrial Realty Group (Defendant in the Underlying Action), is a corporation organized and existing under the laws of the State of Ohio with a principal place of business at 12214 Lakewood Boulevard, Downey, California 90242, c/o Stuart Lighter, President and Chairman of the Board.

5. Defendant, IRG Lorain, LLC (Defendant in the Underlying Action), is a corporation organized and existing under the laws of the State of Ohio with a principal place of business at 4020 Kinross Lakes Parkway, Richfield, Ohio 44286.

6. Defendant, IRG Realty Advisors, LLC (Defendant in the Underlying Action), is a corporation organized and existing under the laws of the State of Ohio with a principal place of business at 4020 Kinross Lakes Parkway, Richfield, Ohio 44286, c/o Tract Green, Statutory Agent.

7. Necessary Party Defendants Frederick Hast II and Brenda Hast are married individuals (Plaintiffs in the Underlying Action) with a residence situated at 10305 Berlin Road, Berlin Heights, OH 44814.

8. Necessary Party Defendant Statewide Construction Company (Defendant in the Underlying Action) is a corporation organized and existing under the laws of the State of Ohio with a principal place of business at 40251 Schoolcraft Road, Plymouth, MI 48170, c/o Jeffrey Seskin, Statutory Agent.

9. Necessary Party Defendant Ohio Bureau of Workers' Compensation (Plaintiff in the Underlying Action) is a Government Entity existing under the laws of the State of Ohio with a mailing address of 30 West Spring Street, Level 26, Columbus, Ohio 4321

10. Necessary Party Defendant John Doe and/or John Doe Inc. 1-10. (Defendants in the Underlying Action) are "catch-all" defendants utilized by Frederick Hast II and Brenda Hast in the underlying Complaint and, therefore, do not possess an actual address or real name available for service and notice.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action, pursuant to 28 U.S.C 1332, because the amount in controversy exceeds $75,000.00 (exclusive of interest and costs) and diversity of citizenship exists between the parties.

12. Pursuant to 28 U.S.C. 1391, venue is properly laid in the Northern District of Ohio because the events giving rise to the claims occurred in Cuyahoga County, Ohio.

## FACTUAL BACKGROUND

### A. The Underlying Action Against the Insured

13. Plaintiff incorporates paragraphs 1 through 15 of the Complaint as though set forth at length herein.

14. On or about September 16, 2016, Frederick Hast III and Brenda Hast ("Underlying Plaintiffs") filed a civil complaint against Industrial Realty Group, IRG Lorain, LLC, IRG Realty Advisors, LLC, Triad Staffing, BMCH, Inc., Statewide Construction Company, Firelands Electric, Inc., Trademark Global, LLC, TGlobal Properties, LLC, and John Doe and/or John Doe Inc. 1-10 ("Underlying Defendants"). (Complaint in Underlying Action, Exhibit A).

15. Underlying Plaintiffs have alleged physical injuries sustained by Frederick Hast III resulting from a work/employment related incident on September 17, 2014 (Exhibit A, ¶ 7 and 18).

16. Underlying Plaintiffs have alleged that Frederick Hast III was employed by Triad Staffing and/or BMCH, Inc. ("Underlying Employment Defendants") for the purpose of scrapping out steel at 5401 Baumhart Road, Lorain, Ohio, 44053 (Exhibit A, ¶ 3).

17. Underlying Plaintiffs have alleged that 5401 Baumhart Road, Lorain, Ohio, 44053 is owned/maintained by Industrial Realty Group, IRG Lorain, LLC, IRG Realty Advisors, LLC, Statewide Construction Company, Firelands Electric Cooperative, Inc., Trademark Global, LLC, TGlobal Properties, LLC, and/or John Doe and/or John Doe Inc. 1-10 ("Underlying Property Defendants") (Exhibit A, ¶ 4).

18. Subsequently, on September 14, 2017, the Ohio Bureau of Workers' Compensation joined the Underlying Action as a new Party Plaintiff (See Exhibit D, the "9/14/2017 Order").

19. Throughout the duration of the Underlying Action, Firelands Electric Cooperative, Inc., Trademark Global, LLC, TGlobal Properties, LLC and Triad Staffing and/or BMCH, Inc. were all voluntarily dismissed from the Underlying Action.

20. Underlying Plaintiffs seek compensation from Underlying Defendants, including IRG Defendants, for (i) injuries and damages sustained by Frederick Hast III resulting from deliberate, intentional and wrongful conduct of IRG Defendants and a portion of the Necessary Party Defendants; (ii) injuries and damages sustained by Frederick Hast III resulting from the negligent conduct of IRG Defendants and a portion of the Necessary Party Defendants; and (iii)

loss of consortium sustained by Brenda Hast resulting from the wrongful conduct of IRG Defendants and Necessary Party Defendants (Exhibit A, ¶ 9 – 13, 20 – 25, and 28).

### B. The MIC Policy with Industrial Realty Group

21. MIC provided insurance coverage to IRG Defendants from April 15, 2014 to April 15, 2015 (See Exhibit B, the "MIC Policy").

22. The MIC Policy is a commercial general liability policy covering multiple tracts of land, including 5401 Baumhart Road, Lorain, Ohio, 44053, the location of alleged accident in the Underlying. (Exhibit B, p 18).

23. The alleged damages sought in the Underlying Action by Underlying Plaintiffs fall within the MIC Policy Exceptions and the State of Ohio Workers Compensation Act.

24. The Underlying Plaintiffs must solely rely on the State of Ohio Workers Compensation Act and its correlating systems in order to recover for the alleged injuries outlined in the Underlying Action.

25. Therefore, MIC requests declaratory judgment that MIC is not obligated to defend or indemnify any person or entity in connection with the Underlying Action.

### COUNT I – DECLARATORY JUDGMENT

26. Plaintiff incorporates paragraphs 1 through 26 of the Complaint as though set forth at length herein.

### A. Coverage for Counts II and III (Negligence and Loss of Consortium) is Excluded Under the Master-Servant Doctrine.

27. IRG Defendants employed Frederick Hast III through Triad Staffing and/or BMCH, Inc.

28. IRG Defendants and Frederick Hast III operated under a "master-servant" relationship wherein IRG Defendants possessed direct control over Frederick Hast III regarding all of his regular job duties up to and at the time of the alleged accident.

29. Frederick Hast III is considered a "loaned servant" under Ohio Law and is, therefore, only able to file suit in the particular circumstances outlined in O.R.C. 2745.01.

30. Based upon Frederick Hast III's status as a loaned servant, Frederick Hast III was, at the time of the alleged accident, an employee of the IRG Defendants.

31. IRG Defendants admit to this relationship in their "Answer of Defendants IRG Lorain, LLC, Industrial Realty Group and IRG Realty Advisors, LLC" filed in the Underlying Action wherein they averred that "Defendants are complying employers pursuant to the State of Ohio Workers' Compensation Act." (See Exhibit C, "IRG Defendants Answer", ¶ 33).

32. Injuries and/or damages suffered by an employee while in the course and scope of his employment are otherwise exclusively covered by the State of Ohio Workers Compensation Act.

33. Additionally, the MIC Policy contains an exception for "Workers' Compensation and Similar Law" stating:

> This insurance does not apply to:
>
> ***
>
> a) "Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or similar law…. (Exhibit B, p 4 of 15).

34. The averments in the Underlying Action properly fall within the above exception contained within the MIC Policy.

35. Therefore, to the extent that a Court finds in favor of Underlying Plaintiffs for injuries and damages sustained by Frederick Hast III resulting from negligent acts of IRG Defendants and loss of consortium, coverage for the resulting damage is excluded by the MIC Policy and the State of Ohio Workers Compensation Act.

### B. Coverage for Count I is Expressly Excluded Under the "Expected or Intended Injury Exclusion" of the MIC Policy.

36. Pursuant to O.R.C. 2745.01(a), Ohio law only permits an action brought against an employer by an employee for damages arising out of an intentional tort during the course of employment, specifically in instances where it is proven that the employer acted with the deliberate intent to injure.

37. Although by all accounts is this a Workers Compensation Claim, Plaintiffs attempted to circumvent this method of recovery by filing as an intentional tort.

38. However, IRG Defendants coverage under the MIC Policy is subject to certain exclusions found within the MIC Policy.

39. Specifically the MIC Policy contains an "expected or intended injury exclusion" as follows:

> This insurance does not apply to:
>
> ***
>
> a) "Bodily injury" or "property damage" expected or intended from the standpoint of the insured…. (Exhibit B, p 3 of 15).

40. The averments in the Underlying Action properly fall within the above exception contained within the MIC Policy.

41. The Ohio Courts have well established case law holding that Insurers are not required to indemnify their insureds for employment intentional tort claims.

42. Therefore, to the extent that a Court finds in favor of Underlying Plaintiffs for injuries and damages sustained by Frederick Hast III resulting from deliberate, intentional and wrongful conduct of IRG Defendants, coverage for the resulting damage is excluded by the MIC Policy.

43. Plaintiff therefore seeks an order from this Court declaring that they not obligated to defend or indemnify any person or entity in connection with a lawsuit pending in this same Court under Docket No. CV-16-869168, captioned <u>Frederick Hast III, et al. vs. Triad Staffing, et al.</u>

## **RELIEF REQUESTED**

Plaintiff prays that this Court find in accordance with the rights and obligations of these parties under the insurance contract and applicable Ohio Law thereby finding that Plaintiff owes no duty to defend or indemnify any person or entity in connection with the claims made by IRG Defendants. Additionally, Plaintiff seeks whatever other relief this Court deems just and appropriate.

/s/ Brant T. Miller
Brant T. Miller, Esquire
S. Ct. No. 0070134
GORDON & REES, LLP
707 Grant Street, Suite 3800
Pittsburgh, PA  15219
(412) 577-7400
Email: btmiller@grsm.com

Counsel for Plaintiff, Markel Insurance Company